IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
August 05, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

| | |
|---|---|
| SAUNDERS FRANKLIN, | ) |
| Plaintiff, | ) Case No. 7:23-cv-00480 |
| v. | ) **MEMORANDUM OPINION** |
| C/O ANGNA, *et al.*, | ) By: Hon. Thomas T. Cullen |
| | ) United States District Judge |
| Defendants. | ) |

Plaintiff Saunders Franklin ("Franklin"), proceeding *pro se*, brings this civil rights action under 42 U.S.C. § 1983 against Correctional Officer ("C/O") Angna, Sgt. Barksdale, Lt. Day, Lt. Brogram, C/O Allen, and Officer Meyers (collectively "Defendants"). Franklin alleges that Defendants were all involved in one or more assaults on him while he was incarcerated at the Lynchburg Adult Detention Center ("LADC").

This matter is before the court on Defendants' motion to quash service of process and motion to dismiss.[1] The matters were briefed by the parties and are ripe for disposition. For the reasons discussed below, the court will grant in part Defendants' motion to quash and deny Defendants' motion to dismiss.

## I. BACKGROUND

The facts are taken from Franklin's sworn complaint and, for purposes of this motion, are presumed to be true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[1] C/O Angna and Lt. Brogram are not a party to the motion to dismiss; through counsel, their motion to quash service of process contends that no one by the name of "Angna" or "Brogram" works or worked at LADC. (ECF No. 23.) Therefore, because no such person exists, neither party has been served.

Franklin's complaint is not a model of clarity. As best as the court can surmise from his sparse allegations, Franklin was being held at LADC on June 9, 2023. At some point in the evening, Myers came to Franklin's cell and began beating on his cell door. Later (right after Myers banged on his door or at some point later in the evening), Franklin claims that Barksdale came into his cell with Allen, Day, and Brogram, and implored Franklin to get out of his bed. Although he does not say directly that he was assaulted, he avers that Allen, Day, and Brogram were "present and could've stopped them from beating [*sic*] [him] as [he] was screaming for them to getting them to stop abusing [him]." (Compl. at 3.)

He also alleges—perhaps separately—that "C/O Angna was clearly seen on [him] punching [him]." (*Id.*) He also states that "[a]ll the defendants assaulted [him] or watched [him] get beat & stamped." (*Id.* at 2.)

Franklin filed suit in this court on August 3, 2023, and Defendants Angna and Brogram filed a motion to quash (ECF No. 23) and the remaining defendants filed the present motion to dismiss (joined by Defendants Allen, Clarksdale, Day, and Meyers) (ECF No. 25). The court issued standard *Roseboro* notices to Franklin, advising him that a response was necessary within 21 days or the court would assume that he has lost interest in his case. The court eventually received Franklin's responses to the motion to quash (received 21 days after the motion was filed) and the motion to dismiss (received 93 days after the motion was filed). (*See* ECF Nos. 31, 37.) Although his response to the motion to dismiss is untimely, the court will nevertheless consider his filing.[2] The motions are therefore ripe for review.

---

[2] Franklin is hereby warned that failure to comply with the court's directives—including time limits to respond—may result in sanction up to and including dismissal of this action. *See* Fed. R. Civ. P. 41(b).

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Legal conclusions in the guise of factual allegations, however, are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678–79. Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted).

To allow for the development of a potentially meritorious claim, federal courts have an obligation to construe *pro se* pleadings liberally. *See, e.g.*, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Moreover, "liberal construction of the pleadings is particularly appropriate where . . . there is a pro se complaint raising civil rights issues." *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009) (cleaned up). Nevertheless, "[p]rinciples requiring generous construction of pro se complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A pro se plaintiff still must allege facts that state a cause of action." *Scarborough v. Frederick Cnty. Sch. Bd.*, 517 F. Supp. 3d 569, 575 (W.D. Va. 2021) (quoting *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999)).

### III. ANALYSIS

The court addresses the motion to dismiss before turning to the motion to quash service.

### A. Motion to Dismiss

Giving Franklin's complaint a liberal interpretation, as is required, the court discerns two causes of action: excessive force and bystander liability. Each claim will be addressed in turn.

#### 1. Excessive Force

In his complaint, Franklin makes no mention of his status at the LADC at the time of the incident—i.e., whether he was a convicted felon or a pretrial detainee. If Franklin was in jail as a convicted felon, an excessive force claim would arise under the Eighth Amendment's prohibition on cruel and unusual punishment. *See Whitley v. Albers*, 475 U.S. 312, 327 (1986); *Vandyke v. Hall*, 743 F. Supp. 2d 561, 568 n.5 (W.D. Va. 2010). If Franklin was being held in jail prior to trial, his claim would fall under the Fourteenth Amendment's guarantee of due process. *Bell v. Wolfish*, 441 U.S. 520, 535–38 (1979). Since § 1983 "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred," the court's review begins with recognizing the alleged constitutional right infringed. *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979). Since Franklin does not state his status on June 9, 2023, the court will discuss the excessive force test under both the Eighth and Fourteenth Amendments, recognizing, of course, that "[p]retrial detainees are entitled to at least the same protection under the Fourteenth Amendment as are convicted persons under the Eighth Amendment." *Young v. City of Mt. Ranier*, 238 F.3d 567, 575 (4th Cir. 2001).

### i. Eighth Amendment Excessive Force

The "core judicial inquiry" for Eighth Amendment excessive force complaints is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated" regardless of the significance of the injury. *Id.* at 9. On the other hand, *de minimis* uses of physical force, ones that are not "repugnant to the conscience of mankind," are excluded from constitutional recognition; a push or shove that results in no apparent injury will likely not state a claim for excessive force. *Id.* at 9 (quoting *Whitley*, 475 U.S. at 327); *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights."), *abrogated on other grounds by Graham v. Connor*, 490 U.S. 386 (1989). While the severity of the injury can play a factor in the determination of whether excessive force was used, it is the force itself that ultimately counts. *See Wilkins v. Gaddy*, 559 U.S. 34, 37–38 (2010); *Hudson*, 503 U.S. at 10 (noting that the "minor" nature of the injuries "provide[d] no basis for dismissal").

Defendants challenge several aspects of Franklin's complaint: there is no mention of the circumstances leading up to use of force; no indications of Defendants' state of mind; no mention of the injuries Franklin incurred; and no information to suggest that the force used against Franklin was non-trivial. (Defs.' Br. Supp. Mot. Dismiss at 4 [ECF No. 26].) While it is true that Franklin's complaint lacks many details, Franklin does allege that he was "beat

[and] stamped," an interaction he describes as an "assault." (Compl. at 2.) "Stamp" means "to strike or beat (something) forcibly with the bottom of the foot or by thrusting the foot downward." *Stamp*, Webster's Third New International Dictionary (1986). Taking Franklin's allegations as true, the court concludes that allegations that an inmate was "beat" and "stamped" without cause is sufficient to state a claim for excessive force under the Eighth Amendment.[3] Therefore, if Franklin was in custody after conviction, he has stated a claim for excessive force in violation of the Eighth Amendment.

### ii. Fourteenth Amendment Excessive Force

Under the Due Process Clause, a pretrial detainee is protected from excessive force that amounts to punishment. *See Graham*, 490 U.S. at 395 n.10. To prevail on an excessive-force claim, a pretrial detainee's allegations need only establish "that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015). Stated differently, a plaintiff must allege facts to show that the force used was objectively unreasonable. *Id.* at 396–97.

This objective analysis turns on the "facts and circumstances of each particular case." *Graham*, 490 U.S. at 396. A pretrial detainee's challenge to force used on or against him requires a showing that "the force purposely or knowingly used against him was objectively

---

[3] Defendants take issue with Franklin's failure to allege that there was no reason for his attack or that they acted with a culpable state of mind. But the court, in reviewing the complaint in the light most favorable to Franklin, concludes that the Franklin's *allegations* that several officers entered his cell and stood by while another officer brutally assaulted him establish, for purposes of stating a claim, that the force was employed without cause and with malicious intent. If Defendants contend that they struck and stamped Franklin for good reason, they will have an ample opportunity to present evidence to justify their actions. Alternatively, if they claim this incident never happened, that evidence will be evaluated at the appropriate time.

unreasonable." *Kingsley*, 576 U.S. at 396–97. In *Kingsley*, "[t]he Supreme Court provided a non-exhaustive list of factors courts must use to determine objective reasonableness," *Simmons v. Whitaker*, 106 F.4th 379, 387 (4th Cir. 2024):

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Kingsley*, 576 U.S. at 397.

Again, Defendants cite the limited facts stated in the complaint as the basis of their motion to dismiss. (Defs.' Br. Supp. Mot. Dismiss at 5.) Defendants specifically state that Franklin "made no allegation that the officers' use of force, if any, was unreasonable under the circumstances." (*Id.*) But as explained above, the court does not find that argument persuasive at this stage. The court finds that allegations that a detainee was "beaten and stamped" without cause and subjected to an unprovoked assault would be unreasonable.[4] For these reasons, if Franklin was in custody as a pretrial detainee, he has stated a claim under the Fourteenth Amendment.

**2.      Bystander Liability**

Bystander liability "is premised on a law officer's duty to uphold the law and protect the public from illegal acts, regardless of who commits them." *Randall v. Prince George's Cnty.*, 302 F.3d 188, 203 (4th Cir. 2002). Therefore, under § 1983 an officer may be liable as a bystander if he or she: "(1) knows that a fellow officer is violating an individual's constitutional

---

[4] Like above, the court makes no judgment on whether any force employed was related to a legitimate governmental objective; that analysis must come later.

rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Id.* at 204.

Defendants contend that Franklin's allegations are insufficient to state a claim for excessive force and fail to include sufficient detail about what reasonable opportunity the other officers had to intervene. (Defs.' Br. Supp. Mot. Dismiss at 5–6.) For the reasons discussed above, the court finds that Franklin's allegations are sufficient to state an excessive-force claim.

Turning to whether Franklin's allegations are sufficient to state a claim for bystander liability, Franklin asserted Allen, Day, and Brogram were present when Barksdale assaulted him. (Compl. at 3.) In other words, Franklin alleges that Allen, Day, and Brogram were present during an assault and took no steps to intervene. This is sufficient to state a claim for bystander liability.

**3.    Qualified Immunity**

As an alternate ground for dismissal, Defendants assert that they are immune from suit under the doctrine of qualified immunity. Qualified immunity "protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Smith v. Gilchrist*, 749 F.3d 302, 307 (4th Cir. 2014) (quoting *Stanton v. Sims*, 571 U.S. 3, 5–6 (2013)). The test for whether qualified immunity applies involves two parts. *Id.* at 308. The first part asks "whether the facts, viewed in the light most favorable to the plaintiff, show that the officer's conduct violated a federal right." *Smith v. Ray*, 781 F.3d 95, 100 (4th Cir. 2015). The second part asks "whether [that] right was clearly established at the time the violation occurred such that a reasonable person would have known that his conduct was unconstitutional." *Id.*

Qualified immunity shields an individual from suit if the answer to either of the questions is "no." *See Clem v. Corbeau*, 284 F.3d 543, 549 (4th Cir. 2002).

As discussed above, the court finds that, if Franklin's allegations are true, he has stated claims for violation of his constitution rights under either the Eighth or Fourteenth Amendment. Therefore, the first part of the qualified-immunity analysis must be answered in the affirmative. And because the right to be free from excessive force as either a pretrial detainee or inmate was well established at the time of Franklin's alleged assault, Defendants are not entitled to qualified immunity at this stage. *See Wilkins*, 559 U.S. at 37–40 (establishing that the Eighth Amendment is violated if a guard maliciously strikes an inmate); *Kingsley*, 576 U.S. at 398 (finding a violation of law if the "challenged governmental action is not rationally related to a legitimate governmental objective or that is excessive in relation to that purpose"). Defendants' motion to dismiss based on qualified immunity will be denied.

**B.     Motion to Quash Service of Process**

Under the applicable rules, a party must be served with a summons and copy of the complaint before the court may exercise jurisdiction over them and before the action may proceed against them. *See* Fed. R. Civ. P. 4. According to Defendants, no one by the name of "Angna" or "Brogram" ever worked at the LADC, and therefore the service accepted by LADC on their behalf is insufficient. (Defs. Br. Supp. Mot. Quash at 2 [ECF No. 24].) To his credit, Franklin does not dispute this; he admits that "Angna" and "Brogram" are his best guesses at their identities, and Franklin represented to the court that the person he refers to as "Angna" "works in intake, processing people in." (ECF No. 31.) He further notes that "Angna" is "6'4", 280 lbs, brown hair," and "works in intake, works day shift." (*Id.*) In a

follow-up letter, he surmises that these parties' correct names are "Agnor" and "Brogdon" or "Brogdom." (*See* ECF No. 33.)

To ensure that Franklin has the information he needs, the court will grant Defendants motion insofar as Franklin will be ordered to supply whatever information he has about the individuals he names "Angna" and "Brogram," and Defendants will be directed to confirm whether any individual who was working at LADC on June 9, 2023, meets Franklin's descriptions. If one or more individuals qualify, Defendants will be directed to supply that information to Franklin. Upon receipt of that information, Franklin must file an amended complaint naming *all* defendants[5] within 21 days and service will be attempted. If he fails to do so, "Angna" and "Brogram" will be dismissed as parties to this action.

## IV.  CONCLUSION

While Franklin's complaint is brief, he has stated a claim under either the Eighth or Fourteenth Amendment. As such, the court will deny Defendants' motion to dismiss. Because Franklin is unable to determine the exact identities of the individuals he calls "Angna" and "Brogram," he will be directed to supply whatever information he has that may aid Defendants in identifying the parties at issue and, if the individuals can be identified, Franklin will be required to file an amended complaint restating his claim in its entirety and naming *all* defendants.

---

[5] The court reminds Franklin that, when he files an amended complaint, he ***must*** restate all of his claims and name ***all*** defendants.

- 11 -

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to the parties.

**ENTERED** this 5th day of August, 2024.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE